David S. Shankman (FBN #0940186)
dshankman@shankmanleone.com
Mia A. Conza (FBN # 0105828)
mconza@shankmanleone.com
Admitted Pro Hac Vice
**Shankman Leone, P.A.**
707 N. Franklin St., Fifth Floor
Tampa, Florida 33602

Jeffrey H. Wolf (#011361)
jeffrey.wolf@quarles.com
Eric B. Johnson (#020512)
eric.johnson@quarles.com
**Quarles & Brady LLP**
Renaissance Once
Two North Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 229-5200

Attorneys for Defendant OTB Acquisition
LLC d/b/a On The Border Mexican Grill &
Cantina

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernesto Zavaleta, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>OTB Acquisition LLC d/b/a On The Border Mexican Grill & Cantina, a Delaware limited liability company,<br><br>Defendant. | Case No. 2:19-CV-04729-JAT<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

Defendant OTB Acquisition, LLC d/b/a On The Border Mexican Grill & Cantina ("OTB" or "Defendant"), by and through undersigned counsel and pursuant to this Court's Scheduling Orders (Docs. 17, 23), Fed. R. Civ. P. 56, and United States District Court for the District of Arizona Local Rule 56.1, hereby submits its reply brief in support of its Motion for Summary Judgment and Memorandum in Support ("Defendant's Motion") against Plaintiff Ernesto Zavaleta ("Zavaleta" or "Plaintiff").

### I. Plaintiff Does Not Dispute Defendant's Motion but Contends A Trial Should Proceed on Claims Never Asserted in the Complaint.

#### A. Plaintiff Does Not Oppose Defendant's Motion Regarding Counts I-VII of the Complaint.

Plaintiff's Response to Defendant's Motion for Summary Judgment (the "Response")[1] (Doc. 28) fails to address the specific claims for which Defendant has moved for entry of summary judgment.

First, Plaintiff does not oppose Defendant's Motion as it relates to his claims for unpaid minimum wages (Counts I, and IV) and overtime pay (Count II, III, V)[2]. By this omission, Plaintiff acknowledges he was an exempt employee under the FLSA and state law; he was paid (in excess of) the minimum salary while employed by OTB and his primary duties as a Culinary Manager ("CM") for OTB satisfy the exemption.

Nor does Plaintiff oppose Defendant's Motion regarding his claim for retaliatory

---

[1] Plaintiff's Separate Statement of Fact ("SSOF") in Support of the Response is filed in violation of this Court's Scheduling Order (Doc. 17) and should therefore, be excluded for purposes of deciding Defendant's Motion. In addition, the SSOF is based entirely upon a declaration from Plaintiff that does not meet the requirements for a declaration opposing summary judgment and is therefore, invalid evidence for purposes of deciding Defendant's Motion on the merits. E.g., Commodity Futures Trading Com'n v. Topworth Intern., Ltd., 205 F.3d 1107, 1112 (9th Cir. 1999) (declarations must substantially comply with 28 U.S.C. § 1746 to be admissible); Schroeder v. McDonald, 55 F.3d 454, 460 n.10 (9th Cir. 1995) (substantial compliance with 28 U.S.C. § 1746 requires two assertions: (1) that the statements in declaration were made "under penalty of perjury" and (2) "that the contents were true and correct").

[2] The titles of the Counts in Plaintiff's Complaint do not match the claims plead therein making it nearly impossible to decipher what Plaintiff is actually claiming in each of the Counts. For example, as noted in Defendant's Motion, although Count II is labeled "Failure to Pay Minimum Wage – Arizona Minimum Wage Statute," it appears to allege a claim for overtime. (Doc. 27, p. 7 fn. 7) (Doc. 1, p. 13). Despite that, it is clear that Plaintiff *did not* bring a claim for breach of contract, *quantum meruit*, or unjust enrichment. Given Plaintiff's explanation of what his Complaint was intended to accomplish, those were the claims that should have been asserted.

discharge under state and federal law (Counts VI and VII). Although Plaintiff claims he engaged in protected activity (which OTB disputes), the dispute is irrelevant at this juncture because Plaintiff offers no evidence and does not even suggest that OTB's legitimate non-retaliatory reason for his termination was pretextual.

Because Plaintiff has failed to respond to these claims, summary judgment is warranted on each of them. See Villagomes v. Laboratory Corp. of America, 783 F. Supp. 2d 1121, 1127 (D. Nev. 2011) (entering summary judgment for the defendant based on claim for trespass to chattels, reasoning "Villagomes does not contest that summary judgment is appropriate as to this claim and so the Court will not address it further."). See also, Scheduling Order (Doc.17, p. 5) ("[A]ll parties are hereby specifically admonished that failure to respond to a motion by serving and filing an answering memorandum within the time period expressly provided for in Civil Local Rule 7.2(c), 56.1(d) and/or 12.1(b) may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily pursuant to Civil Local Rule 7.2(i).").

### B. Plaintiff's Contention that He Filed Suit to Recover Unpaid Wages for Handyman Work is Not Properly Before This Court.

In his Response, Plaintiff states that he "filed suit to recoup unpaid wages for tasks performed of a handyman nature." (Doc. 28, p. 2 at "Introduction"). Whatever his stated intention for filing suit, the recoupment of unpaid wages for handyman work was not what he alleged in his Complaint. To the contrary, in his Complaint, Plaintiff alleged the instant lawsuit was filed for minimum wage and overtime violations, for retaliatory discharge and to recover unpaid wages, overtime compensation, treble damages and statutory penalties resulting from OTB's alleged violations of the Arizona Wage Statute ("AWS"). (Doc. 1, ¶¶

1-3). With the abandonment of minimum wage or overtime pay claims, it appears that the unpaid wages reference in the AWS is the sole claim to pursue for the handyman work. However, OTB is entitled to summary judgment regarding this contention under the AWS because Plaintiff cannot establish a prima facie case under that statute for several reasons.

Under Arizona's wage statute, when an employee is discharged, "he shall be paid in the usual manner all wages due him . . . ." A.R.S. § 23-353(B). The statute provides, "if an employer . . . fails to pay wages due to any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of unpaid wages." A.R.S. § 23-355(A). The statute defines wages as:

> **nondiscretionary compensation due** to an employee in return for labor or services rendered by the employee for which the **employee has a reasonable expectation to be paid** whether determined by task, piece, commission or other method of calculation.

A.R.S. § 23-350(7) (emphasis added). Non-discretionary compensation means an ascertainable amount of compensation actually due. E.g., Abrams v. Horizon Corp., 669 P.2d 51, 55-56 (1983) (finding that wages were not "due" when they were not ascertainable at the time of the plaintiff's discharge). However, Plaintiff admits that he never secured an agreement to be paid anything, let alone a defined ("ascertainable") amount of money.

Although an employee's reasonable expectations of being paid can be defined by contract, it can also be implied by the parties' past dealings. Maturani v. Exhibit Fair Int'l, Inc., No. CV 08-1258-PHX-SRB, 2009 WL 10673084, at *3 (D. Ariz. June 17, 2009) (citing Orflay v. Tucson Symphony Soc'y, 99 P.3d 1030, 1033 (Ariz. Ct. App. 2004); Acevedo v. Phoenix Opportunities Industrialization Ctr., 551 P.2d 1322, 1323-24 (Ariz. Ct. App. 1976)). Here, however, it is impossible for a jury to conclude that Plaintiff had a reasonable

expectation to be paid nondiscretionary compensation for the handyman projects he performed while working at OTB. First, the undisputed record evidence confirms that no contract existed between Plaintiff and OTB regarding the performance of or payment for the projects. (Ex. 2[3], at 88:5-10; 89:11-12) (Ex. 3, at ¶18). Indeed, at his own deposition, Plaintiff could not state the amount he was claiming was due to him.  Plaintiff's at-will employment with OTB as the CM is the only agreement between the parties and there is no contention that Plaintiff was not paid his weekly salary. (Ex. 1, at Ex. A).

Nor does the record evidence support that any contract can be implied based on the parties' past dealings. As detailed in Defendant's Motion, Plaintiff testified that the only statements he ever made about compensation were *after* he performed each of the handyman projects, when he would say to General Manager Douglas Motz ("Motz"), "I **should** be compensated [for this]" to wit Motz would allegedly reply "Ernesto, you're very funny." (Ex. 2, at 89:14-90:18; 160:10-161:3; 177:25-178:5; 180:15-24l; emphasis added).[4]

Nor did Plaintiff ever receive any compensation (aside from his regular salary as CM)

---

[3] Plaintiff's Response fails to follow this Court's Scheduling Order (Doc. 17) for labeling exhibits. In order to avoid any confusion, all exhibits cited herein refer to the exhibits to Defendant's Motion.

[4] Plaintiff's Response arguably contradicts his own sworn testimony on this point. Plaintiff filed an unsworn declaration in which he states he "believed" he would be compensated for the handyman work. (Doc. 29-1, at ¶¶7-8). However, he provides no factual support for this alleged belief. To the contrary, even when Area Director Clayton Richardson ("Richardson") allegedly said that OTB should find a way to compensate him for the handyman work, Plaintiff testified at deposition that he believed he would be promoted (Doc. 27, at p. 5) not that he would receive additional monetary compensation for this work. Thus, Plaintiff's Response impermissibly contradicts his deposition testimony and therefore, cannot create a genuine dispute of fact for purposes of Defendant's Motion. E.g., Kennedy v. Allied Mutual Ins. Co., 952 F.2d 262 (9th Cir. 1991) (finding a plaintiff cannot "avoid summary judgment [by an affidavit] citing testimony allegedly inconsistent with his own testimony.").

for performing the work. (Ex. 2, at 28:22-29:20; 31:14-16; 96:25-97:8; 148:15-149:19; Ex. 2). Nevertheless, Plaintiff continued to perform the work over a period of four years. (Ex. 2, at Ex. 7) (Ex. 3, at ¶12). OTB respectfully submits that it is unreasonable to contend that Plaintiff would have an expectation to be paid for the various handyman projects when, according to Plaintiff, Motz ignored each suggestion from Plaintiff that he be compensated for the project over a four-year period. Indeed, Plaintiff testified that he "should" be paid for each project he performed; there was clearly no agreement with Motz or anyone at OTB that Plaintiff would be paid. (Ex. 2, at 88:5-10; 89:11-12) (Ex. 3, at ¶18).

      Similarly, it is undisputed that there was never any discussion or agreement between Plaintiff and Motz or anyone else at OTB about any rate of pay or amount Plaintiff should be paid for the projects. (Ex. 1, at ¶9) (Ex. 3, at ¶18). For example, Plaintiff testified that when he commented about compensation for each project, he meant that he wanted to be paid what a professional would charge for the work based on the complexity of the projects, but he admitted that he never had a discussion with anyone at OTB about being paid in this manner. (Ex. 2, at 146:12-147:8; 150:1-151:11; 152:25-153:18; 154:6-12; 159:7-12; 164:1-10; 166:11-22). In fact, Plaintiff testified that he was unable to provide the specific amounts of money he was owed for all but one of the projects, stating that he would need to evaluate the projects and calculate how much he is owed. (Ex. 2, at 145:24-147:8; 149:23-154:12). Nor was Plaintiff able to provide his supposed hourly rate for such projects, which he said varied based on the type of project completed. (Ex. 2, at 166:11-22). Again, Plaintiff would have no reasonable expectation to be paid for the handyman projects if there was no agreement about the amount of money allegedly due for the work at the time the work was

performed or even at the time of his deposition years later.

In his Response, Plaintiff misrepresents testimony about his alleged conversations with Richardson and Area Director Brian Moore ("Moore") regarding "non-payment" for the handyman work. (Doc. 28, at p. 7) (Doc. 29-1, at p. 2, ¶11). Plaintiff did not testify that he informed them he was owed money for the handyman projects; rather, he testified that he told Richardson he *should be* compensated for the projects, which he understood to mean that he would have the opportunity to be promoted. (Ex. 2, at 91:1-13; 91:20-92:11). Further, Plaintiff testified that he showed Moore the projects he completed, that Moore allegedly said that he should be paid for the projects, and that Moore told Motz to "find a way" to pay Plaintiff. (Ex. 2, at 92:12-21; 93:7-8). Despite that, however, the undisputed record evidence is that there was no discussion regarding the amount of additional compensation owed or how Plaintiff should be paid for the handyman project, let alone which projects from the previous four years Plaintiff should be paid for performing. (Ex. 2, at 92:12-21; 93:2-8). Indeed, Plaintiff did not expect to be paid anything; he testified he thought he would receive a promotion and/or additional time off from work. (Ex. 2, at 89:13-90:1; 91:1-13; 91:20-92:11).

No reasonable jury could conclude that Plaintiff had a reasonable expectation to be paid any additional compensation for the various handyman projects based on the purported conversations with Motz, Richardson and Moore, and thus, Plaintiff's claim for unpaid wages fails as a matter of law.[5] A.R.S. § 23-353(B); A.R.S. § 23-350(7).

---

[5] Even if Plaintiff was entitled to the alleged unpaid wages, which OTB denies, his claims are untimely. Claims for unpaid wages under Arizona law must be brought within one year of accrual. Zaki v. Banner Pediatric Specialists LLC, No. 16-CV-1920-PHX-DLR, 2017 WL

## II. Conclusion.

For the foregoing reasons, and as previously stated in Defendant's Motion, Defendant respectfully requests that this Honorable Court enter summary judgment in favor of Defendant and against Plaintiff.

Dated: December 14, 2020        SHANKMAN LEONE, P.A.

By: */s/ David S. Shankman*
David S. Shankman
Mia A. Conza

Counsel for Defendant OTB ACQUISITION LLC d/b/a On The Border

---

105991, at *3 (D. Ariz. Jan. 10, 2017). A cause of action for unpaid wages accrues when "the employee learns that it will not receive those wages." Gillard v. Good Earth Power AZ LLC, No. CV-17-01368-PHX-DLR, 2019 WL 1280946 (D. Ariz. Mar. 19, 2019). Based on the record evidence, including Plaintiff's own testimony, Plaintiff's claim for unpaid wages for each of the handyman projects accrued after Motz purportedly rejected Plaintiff's statement that he "should be compensated" for the projects. (Ex. 2, at 89:14-90:18; 160:10-161:3; 177:25-178:5; 180:15-24). Thus, even if Plaintiff's claim was valid, which OTB denies, the only projects that could possibly be timely would be the liquor cabinet repair (October 2018) and raising the light fixture (September 2018) – i.e., the only ones that accrued within one year prior to filing his complaint on July 16, 2019. (Ex. 2, at 164:11-20; 174:16-174:6; Ex. 7) (Doc. 1).